UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LSR GLOBAL INC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-1502-X |
| | § | |
| US BANK TRUST COMPANY | § | |
| NATIONAL ASSOCIATION and PHH | § | |
| MORTGAGE SERVICES, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant PHH Mortgage Services's (PHH) motion to dismiss. (Doc. 4). Plaintiff LSR Global Inc. (LSR) did not file a response to the motion. Having considered the motion and the applicable law, the Court GRANTS the motion and **DISMISSES WITHOUT PREJUDICE** this case.

### I.    Background

This lawsuit arises out of an attempted foreclosure on real properties following LSR's default on its mortgage loans. PHH is the loan servicer, and US Bank is the investor for mortgage loans secured by mortgage liens on the real properties located at 620 Forrester Street, Greenville, Texas 75401; and 3900 Spoonwood Lane, Fort Worth, Texas 76137 (together, the "Properties"). But the complaint alleges that the Properties have not been foreclosed on. LSR brings claims against PHH and US Bank

1

for alleged (1) wrongful foreclosure, (2) breach of contract, (3) promissory estoppel, (4) negligent misrepresentation, (5) declaratory relief, and (6) injunctive relief.

## II.    Legal Standard

Rule 12(b)(6) authorizes dismissal when a complaint fails to "state a claim upon which relief can be granted."[1]  A pleading in federal court must state "a short and plain statement of the claim showing that the pleader is entitled to relief."[2]  In stating their claim, the plaintiff does not have to plead detailed facts, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[3]  For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must allege sufficient facts "to state a claim to relief that is plausible on its face."[4]  And a claim is plausible on its face when supported by enough facts that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in favor of the plaintiff and accept all facts pleaded in the complaint as true.[6]  That said, courts do not "accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement."[7]

---

[1] FED. R. CIV. P. 12(b)(6).

[2] FED. R. CIV. P. 8(a)(2).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Iqbal*, 556 U.S. at 678.

[6] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[7] *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023) (cleaned up).

### III.   Analysis

This action has one count of wrongful foreclosure that serves as the backbone of LSR's remaining claims.   But the wrongful foreclosure claim is premature because—as the complaint alleges—no foreclosure has happened, and the remaining claims lack factual allegation to survive dismissal.

Under Texas law, to plead a wrongful foreclosure claim, the plaintiff must plead "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the two."[8]   But "courts in Texas do not recognize an action for attempted wrongful foreclosure."[9]

Here, when LSR remains in possession of the Properties, it does not have a claim for wrongful foreclosure.   Accordingly, LSR failed to plead a claim for wrongful foreclosure under Texas law.

Regarding the remaining claims, the underlying state court petition is devoid of *any* factual allegation.   The petition contains nothing more than a recitation of the elements of the claim and conclusory allegations.   But the allegations do not contain any detail as to the terms of the contract or promises, whether or how LSR performed its portion of the contract, or when or how those provisions were violated.   And to survive dismissal, a plaintiff must plead sufficient *facts* "to state a claim to relief that is plausible on its face."[10]   So none of LSR's claims rise to the level of plausibility and must be dismissed.

---

[8] *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).

[9] *James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 447 (5th Cir. 2013) (cleaned up).

[10] *Twombly*, 550 U.S. at 570.

## IV.   Conclusion

Accordingly, LSR's underlying state court petition is **DISMISSED WITHOUT PREJUIDCE**.  LSR is granted leave to file an amended complaint within 28 days of this order.  Should LSR fail to file an amended complaint, the Court will issue a final judgment dismissing this case without prejudice.

**IT IS SO ORDERED** this 13th day of July, 2025.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE